ALBERT J. RICKERS v. MISSION FURNITURE COMPANY
and Others.[1]

February 11, 1910.

Nos. 16,419—(217).

**Unguarded Machinery — Evidence.**
> The plaintiff was injured while operating an unguarded circular saw in the defendant's factory. *Held*, that the evidence was sufficient to sustain a finding by the jury that it was practicable to guard the saw, and that the plaintiff was in the line of his duty when injured by it.

Action in the district court for Hennepin county against the Mission Furniture Company, a corporation, Samuel H. Davis as an individual and as trustee in bankruptcy of the corporation, to recover $15,000 damages for personal injuries received in using an unguarded and defective saw in the factory of defendant corporation. Samuel H. Davis, individually and as trustee, answered. The case

[1] Reported in 124 N. W. 641.

was tried before Dickinson, J., and a jury which rendered a verdict in favor of plaintiff for $1,000. Defendant trustee's motion for judgment non obstante was denied, Simpson, J. From the judgment entered pursuant to the verdict, Samuel H. Davis, as trustee, appealed. Affirmed.

*Morton Barrows,* for appellant.

*James R. Hickey* and *Martin & Lemon,* for respondent.

START, C. J.

On January 24, 1908, the plaintiff, an employee of the defendant, lost a part of his right hand while operating an unguarded circular saw in defendant's factory at St. Anthony Park. This action was brought by the plaintiff in the district court of the county of Hennepin to recover damages from the defendants for such injury, on the ground that they were negligent in not guarding the saw. Two primary questions of fact were submitted to the jury by the trial court, namely: Was it practicable to guard the saw? Was the plaintiff a volunteer, working outside the scope of his authority, in using the saw? The defendant Davis at the close of the evidence moved the court for a directed verdict in his favor, on the ground that there was no evidence which would justify a finding by the jury in favor of the plaintiff on either question. The motion was denied, cause submitted to the jury, and a verdict returned in favor of the plaintiff for the sum of $1,000. The defendant Davis moved for judgment non obstante, which was denied, and judgment entered upon the verdict, from which the defendant appealed.

The appeal presents only the questions of fact, whether there was any evidence fairly tending to show that it was practicable to guard the saw, and that in using it the plaintiff was in the line of his duty, and not a mere volunteer. If the evidence failed as to either point, the defendant was entitled to a directed verdict; for the burden was upon the plaintiff to show that it was practicable to guard the saw, and also that he was acting in the line of his duty when he was injured by it.

An examination of the record discloses evidence fairly tending to show that it was practicable to guard the saw, and that the plaintiff

was in the line of his duty in using it, and leads to the conclusion that the verdict is sustained by the evidence. It will serve no useful purpose to discuss the evidence.

Judgment affirmed.